U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL JACOBS** | : | **CIVIL ACTION NO. 05-0172** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DAIMLERCRYSLER CORPORATION** | : | **MAGISTRATE JUDGE WILSON** |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **MICHAEL JACOBS** | : | **DOCKET NO. 2:06 CV 0172** |
| **VS.** | : | **JUDGE MINALDI** |
| **NORTHROP GRUMMAN SPACE AND MISSION SYSTEM CORPORATION, formerly TRW, INC.** | : | **MAGISTRATE JUDGE WILSON** |

### Memorandum Ruling

Presently before the court is a Motion for Summary Judgment[1] by TRW Automotive U.S., L.L.C. ("TRW"), improperly sued as Northrop Grumman Space and Mission System Corporation. TRW asserts that the plaintiff's claim against TRW is barred by prescription.

Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of

---

[1] This was filed as a to Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) [doc. 35], but the court converted it to a Summary Judgment. Notice and the opportunity to file competent summary judgment evidence was afforded the parties.

material fact, and that the moving party is entitled to summary judgment as a matter of law.[2] When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[3] A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden.[4]

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial.[5] The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.[6] However,

---

[2] Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

[3] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992) A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

[4] See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

[5] Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

[6] *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587,

a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.[7]

## Analysis

This case arises out of an accident that occurred on January 29, 2004. The plaintiff, Michael Jacobs ("Jacobs"), was operating a Dodge Ram pickup truck at the time of the accident and the plaintiff's air bags failed to deploy. The plaintiff filed a timely lawsuit against Howard Ferguson ("Ferguson"), the driver of the other vehicle, then against DaimlerCrysler Corporation, the manufacturer of the pickup truck.

On July 28, 2006, Jacobs filed this suit against TRW. On September 12, 2006, this matter was consolidated with the plaintiff's suit against DaimlerCrysler Corporation. The plaintiff alleges that he did not discover that TRW had manufactured one of the air bag's component parts until June, 2006.[8]

The defendant argues that this motion should be granted for three reasons: 1) the plaintiff failed to plead that Ferguson, DaimlerCrysler and TRW are joint tortfeasors; 2) the state court petition against Ferguson was dismissed more than one year prior to the filing of this complaint against TRW, therefore filing the complaint against Ferguson cannot interrupt prescription against TRW; and 3) the doctrine of *contra non valentum* cannot save the plaintiff's claims against TRW because the plaintiff had notice of his cause of action against TRW on the date of the accident.

The plaintiff argues that the state court claim against Ferguson interrupted the one-year

---

106 S.Ct. at 1356.

[7] Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

[8] Complaint ¶14.

prescriptive period for filing his claim against TRW. The plaintiff's claims against Ferguson were dismissed on November 29, 2004, more than one year before the complaint against TRW was filed.[9] Louisiana Civil Code Article 3466 states that "Prescription commences to run anew from the last day of interruption." The last day of interruption would be the day the suit against Ferguson was dismissed. Over one year passed between that dismissal and filing suit against TRW. The state court action did not interrupt the prescriptive period against TRW.

"The burden of proof on the prescription issue lies with the party asserting it; however, where the petition shows on its face that the claim has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended."[10] Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true.[11] In the instant matter, although Jacobs alleges a date of injury of January 29, 2005, he did not name TRW as a defendant until July 28, 2006. Since, on the face of the pleading the claim had prescribed, Jacobs bears the burden of proving that the prescriptive period was interrupted or

---

[9] See state court petition against Howard Ferguson introduced by the plaintiff and the Dismissal Order in that same suit introduced by the defendant.

[10] *Stevens v. Bruce*, 04-133, p. 3 (La.App. 3 Cir. 6/2/04), 878 So.2d 734, 737 (citing *Amoco Prod. Co. v. Texaco, Inc.*, 02-240, pp. 7-8 (La.App. 3 Cir. 1/29/03), 838 So.2d 821, 829, *writs denied*, 03-1102, 03-1104 (La.6/6/03), 845 So.2d 1096).

[11] La. C .C.P. art. 931; *Wood v. Central Progressive Bank*, 2006 WL 3107650, *1 (La.App. 1 Cir., 2006); *Cichirillo v. Avondale Industries, Inc.*, 04-2894, 04-2918 at p. 5, 917 So.2d at 428 n. 7.

suspended.[12]

The plaintiff argues that he alleged fault against DaimlerCrysler, therefore TRW and DaimlerCrysler are joint tortfeasors. Article 2424 of the Louisiana Civil Code states that suit against one joint tortfeasor interrupts prescription as to all tortfeasors. The complaint against TRW, however, does not allege that TRW and DaimlerCrysler are joint tortfeasors. Because the plaintiff has not pleaded that TRW and DaimlerCrysler are joint tortfeasor, the plaintiff has not met his burden.

Prescription can also be interrupted under the doctrine of *contra non valentum* where the cause of action is not known or "reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant."[13]

There are four situations in which the doctrine of *contra non valentum* can be applied to suspend the running of prescription:

(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiff's action;

(2) where there was some condition coupled with contract or connected with proceedings which prevented creditor from suing or acting;

(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and

(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his

---

[12] *Beach v. Peter Scalfano Enterprises*, 2007 WL 397141, *2 (La.App. 3 Cir., 2007).

[13] *Corsey v. Louisiana Dept. of Corrections*, 375 So.2d 1319, 1321-22 (1979).

ignorance is not induced by defendant.[14]

The doctrine of *contra non valentem* only applies in "exceptional circumstances,"[15] and must be strictly construed.[16] "When a party has sufficient information to incite curiosity, to excite attention or to put a reasonably minded person on guard and call for inquiry, he [] has the constructive knowledge necessary to start the running of prescription."[17]

The defendant argues that the plaintiff has not alleged any facts which would permit the court to find that he did not know of the existence of his cause of action. At the time of the accident the plaintiff knew that his airbags did not deploy. When he filed suit against DaimlerChrysler, he alleged that they were unreasonably dangerous because they did not deploy.[18] The plaintiff alleges that he did not learn that TRW manufactured the airbag "computer" until June 2006. This assertion is not supported by competent summary judgment evidence. This unsupported allegation is not sufficient to defeat summary judgment.

The evidence available to the Court establishes no genuine issues of material fact, and TRW is entitled to summary judgment as a matter of law. The plaintiff did not allege that DaimlerChrysler

---

[14] *Standard Fire Ins. Co. v. Safeguard Storage Properties, L.L.C.* 894 So.2d 502, 507-508 (La.App. 5 Cir., 2005).

[15] *Renfroe v. State ex rel. Dept. of Transp. and Development*, 2001-1646 La. 2/26/02 (La.2002) 809 So.2d 947.

[16] *Brown v. Avoyelles Parish School Bd.* 2003-796 (La.App. 3 Cir. 12/10/03), 861 So.2d 773, citing. *Harsh v. Calogero*, 615 So.2d 420, 422 (La.App. 4 Cir.1993).

[17] *Netherland v. Ethicon, Inc.*, 813 So.2d 1254, 1260 (La. App. 2d Cir. 2002).

[18] See Complaint against DaimlerChrysler ¶14.

and TRW are joint tortfeasors, the complaint has prescribed on its face, and the plaintiff did not introduce competent summary judgment evidence to support his claim that he did not become aware of TRW's liability until June 2006, therefore summary judgment on the issue of prescription will be granted.

Lake Charles, Louisiana, this 27 day of March, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE