RECEIVED
IN LAKE CHARLES, LA

JAN - 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL JACOBS | : | DOCKET NO. 2:05 CV 172 |
| VS. | : | JUDGE MINALDI |
| DAIMLER CHRYSLER CORPORATION | : | MAGISTRATE JUDGE KAY |

** CONSOLIDATED WITH **

| | | |
|---|---|---|
| MICHAEL JACOBS | : | DOCKET NO. 2:05 CV 1281 |
| VS. | : | JUDGE MINALDI |
| NORTHROP GRUMMAN SPACE AND MISSION SYSTEM CORPORATION, formerly TRW, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Make Judgment Against TRW a Final Judgment Under Rule 54(b), [doc. 59], filed by the plaintiff Michael Jacobs (hereinafter "Jacobs"). TRW Automotive (hereinafter "TRW") filed an Opposition [doc. 61]. On March 23, 2007, this court granted TRW's Motion For Summary Judgment on the basis of prescription [doc. 51]. Jacobs' claim against Daimler Chrysler is still pending.

Jacobs seeks to make the Summary Judgment Ruling as to TRW a final judgment under FED. R. CIV. P. 54(b) because there is "no just reason for delay." Jacobs argues that if the Fifth Circuit does not hear this appeal before the case against Daimler Chrysler is tried, a reversal of

the Summary Judgment Ruling will automatically require that both cases be retried. TRW argues that a certification of the Summary Judgment Ruling would promote a piecemeal approach to appeal and that the viability of the claim against Daimler Chrysler is a just reason for delay of the appeal.

Pursuant to FED. R. CIV. P. 54(b), when litigation involves several parties, the trial court may direct entry of a final judgment as to one or more, but "only if the court expressly determines that there is no just reason for delay." The Federal Rules of Civil Procedure disfavor piecemeal litigation; however, the Rules also recognize the harsh effects of a delayed appeal resulting from litigation against several parties. *Benjamin Moore & Co. v. Talon Paints Products, Inc.*, 917 F. Supp. 331, 337 (D.N.J. 1996). In evaluating a Rule 54(b) motion, the court must 1.) determine whether the action is a final disposition of an individual claim, and 2.) consider judicial and administrative interests as well as the equities involved. *Id.*

A judgment is final if ends litigation on the merits, "leaving nothing for the court to do but execute the judgment." *Id.* Where a party essentially has one claim, even though the party pleads several alternative theories, the court may not enter final judgment if an action implicating the same operative facts of the dismissed claim remains alive. *Id.* Here, because the claim against Daimler Chrysler relates to the same operative facts–a defective airbag–as the prescribed claims against TRW, even though the defendants and legal theories are different, this court cannot enter final judgment in the Summary Judgment Ruling as to TRW; accordingly,

IT IS ORDERED that the Motion to Make Judgment Against TRW a Final Judgment Under Rule 54(b) is hereby DENIED.

Lake Charles, Louisiana, this \_\_4\_\_ day of \_\_Jan\_\_, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE