U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MICHAEL JACOBS | : | DOCKET NO. 2:05 CV 172 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| DAIMLER CHRYSLER CORPORATION | : | MAGISTRATE JUDGE KAY |

** CONSOLIDATED WITH **

| MICHAEL JACOBS | : | DOCKET NO. 2:05 CV 1281 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| NORTHROP GRUMMAN SPACE AND MISSION SYSTEM CORPORATION, formerly TRW, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM OPINION

Before the Court is a Motion For Summary Judgment [doc. 73], filed by Chrysler LLC (hereinafter "Chrysler"). The plaintiff, Michael Jacobs, filed a Statement of No Opposition [doc. 79].

## FACTS

This products liability suit arises out of a January 2004 automobile accident between Mr. Jacobs and another party.[1] At the time of the accident, Mr. Jacobs was driving his 2003 Dodge

---

[1] Compl. ¶ 5 [doc. 1].

1

Ram Pickup Truck at approximately 45 mph.[2] The driver's side frontal airbags did not go off in the accident.[3]

In his complaint, Mr. Jacobs states that federal regulations require that frontal air bags in frontal collisions be deployed at 15 mph, and Chrysler warranted that its airbags complied with federal regulations.[4] Mr. Jacobs thus filed suit pursuant to the Louisiana Products Liability Act (hereinafter "LPLA"), maintaining that the airbags were unreasonably dangerous because they did not comply with an express warranty.[5] This matter is set for jury trial on October 20, 2008.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court

---

[2] *Id.* ¶ 7.

[3] *Id.* ¶¶ 8, 14.

[4] *Id.* ¶¶ 10, 13.

[5] Mr. Jacobs filed a Second Supplemental and Amending Complaint on July 15, 2008, which alleges that when he purchased his Dodge Ram, "representation was made that front airbags would deploy in moderate to severe frontal collisions." Second Supp. and Am. Compl. ¶ 19 [doc. 66]. He also alleges that these representations induced him to purchase the Dodge Ram, and because the accident was a moderate frontal collision and the airbags did not deploy, Chrysler is in violation of the LPLA. *Id.* ¶¶ 20-23.

must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## **GOVERNING LAW**

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. Stat. Rev. Ann. § 9:2800.52 (West 2008). The LPLA provides that:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

*Id.* § 9:2800.54(A). Pursuant to the LPLA, there are four ways in which a product is "unreasonably dangerous." A product is unreasonably dangerous if it is: 1.) "unreasonably dangerous in construction or composition,"[6] 2.) "unreasonably dangerous in design," 3.)

---

[6] Chrysler notes that, although Mr. Jacobs never pled this theory in the lawsuit, his discovery responses appear to suggest a claim that the air bag system was unreasonably dangerous and seeks summary judgment on this issue. Because Mr. Jacobs did not plead this claim and did not file an Opposition to this Motion For Summary Judgment, this Court shall not address this issue.

3

"unreasonably dangerous because an adequate warning about the product has not been provided," or 4.) "unreasonably dangerous because it does not conform to an express warranty of the manufacturer."[7] *Id.* § 9:2800.54(B). The plaintiff bears the burden of proving a product is unreasonably dangerous. *Id.* § 9:2800.54(D).

"A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue." *Id.* § 9:2800.58. Thus, to survive a summary judgment motion on an express warranty claim, the plaintiff must demonstrate a genuine issue of material fact regarding the following: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." *Broussard v. Proctor & Gamble Co.*, 463 F. Supp.2d 596, 611 n.11 (W.D. La. 2006).

To recover for a failure of an airbag to deploy, "the 'proximate' causation element requires a plaintiff to establish that he sustained more severe injuries than he would have received if the airbag had deployed." *Caboni v. General Motors Corp.*, 398 F.3d 357, 360-61 (5th Cir. 2005). The Fifth Circuit has recognized that this inquiry requires expert testimony. *Id.* at 362 (noting that "[plaintiff] is wrong in stating that he does not have to present expert testimony...whether or not the failure of the driver's side air bag to deploy 'enhanced' plaintiff's

---

[7] Mr. Jacobs seeks recovery solely on the fourth theory, maintaining that his truck's airbag system was unreasonably dangerous because it did not comply with an express warranty.

4

injuries, is not a part of the everyday experience of the consuming public").

## ANALYSIS

Chrysler argues that summary judgment is appropriate because Mr. Jacobs cannot prove that he was induced to use the product due to any warranty, and also because Mr. Jacobs cannot prove that his damage was proximately caused because the express warranty was untrue.

First, Chrysler maintains that Mr. Jacobs was not induced by any express warranties to purchase or use his Dodge Ram. In a deposition, Mr. Jacobs stated he did not read his owner's manual and had no knowledge of anything in the owner's manual that pertained to air bags or anything else before the accident.[8] Furthermore, Mr. Jacobs stated in discovery that the express warranty upon which he relied was contained in the owner's manual.[9] Chrysler thus argues that, as a matter of law, Mr. Jacobs cannot sustain a claim that an express warranty induced him to use the 2003 Dodge Ram because he admitted that he was unaware of any express warranty prior to the accident.[10]

This Court agrees that no issue of material fact exists as to whether Mr. Jacobs was induced to use the Dodge Ram by an express warranty. Mr. Jacobs clearly stated in his

---

[8] Def.'s Ex. 1, at pp. 64-65, 75-76.

[9] Def.'s Ex. 2, nos. 6, 9.

[10] In so arguing, Chrysler relies upon *Brown v. Hudson*, 700 So.2d 932, 940 (La. App. 1st Cir.) (upholding a directed verdict on an express warranty claim against an automobile manufacturer, where there was no evidence that the plaintiff read the owner's manual, or, more importantly, that the provisions in the owner's manual induced her to use the vehicle's restraint system).

5

deposition he that he was unaware of any express warranty prior to the accident. Therefore, as a matter of law, Mr. Jacobs cannot demonstrate that he was induced to use the product by an express warranty.

Mr. Jacobs amended his complaint in July 15, 2008, after his deposition, to indicate that when he purchased the Dodge Ram, "the representation was made that the front airbags would deploy in moderate to severe frontal collisions" this representation "induced" him to purchase the vehicle. Chrysler correctly notes that mere allegations are insufficient to survive summary judgment. Chrysler argues that this Court should reject any attempt to contradict Mr. Jacobs' prior testimony, given the plaintiff's deposition testimony that prior to the accident he had no knowledge the contents of the owner's manual, or how the Dodge Ram's airbags should function. *See* Def.'s Ex. 1, at pp. 64-65, 73-76. This Court has no competent summary judgment evidence to support an allegation that Mr. Jacobs was induced by representations regarding the airbags when he purchased the vehicle, and Mr. Jacobs' deposition testimony clearly indicates that he was unaware of any express warranties prior to the accident, this Court finds that there is no genuine issue of material fact.

Second, Chrysler argues that Mr. Jacobs cannot demonstrate, as a matter of law, that the air bags' non-deployment proximately caused the plaintiff's alleged damages. Chrysler argues that it is entitled to summary judgment because Mr. Jacobs has no competent expert testimony to show that he sustained more severe injuries than he would have if the airbag had deployed. Trial is scheduled for October 20, 2008, and the deadline for expert lists has passed. Chrysler notes that Mr. Jacobs has only identified and produced a report from one technical expert, who concluded that he was not able to reach an "opinion on whether the airbags should have deployed

in plaintiff's truck during the 1/29/04 collision."[11] Chrysler proffers Dr. Elaine R. Serina as an expert in the field of biomechanics. She concludes that the plaintiff "would have very likely received the same or very similar types of injuries" regardless of whether the airbag deployed.[12]

As the Fifth Circuit observed in *Caboni*, the plaintiff bears the burden of proving each element of the claim. 398 F.3d at 361. The proximate causation prong of the express warranty claim requires Mr. Jacobs to present expert testimony to "specifically state that he sustained more severe injuries than he would have received if the air bag had deployed" because this inquiry is "not part of the everyday experience of the consuming public." *Id.* at 362. Mr. Jacobs has not identified an expert to present an issue of material fact at trial on the issue of proximate cause, the deadline for furnishing expert reports has passed, Mr. Jacobs filed a statement of no opposition and failed to present any competent summary judgment evidence to defeat this motion, this Court finds that as a matter of law, Mr. Jacobs cannot meet the proximate causation prong of his express warranty claim; accordingly,

IT IS ORDERED that Chrysler's Motion For Summary Judgment [doc. 73] is hereby GRANTED;

---

[11] Def.'s Ex. 23, at p. 1.

[12] Pl.'s Ex. 4, at p. 5. Dr. Serina stated that airbags typically reduce the incidence of head and chest injuries but do not reduce the incidence and severity of upper extremity injuries. *Id.* Furthermore, her review of the plaintiff's medical records indicate he received a diagnosis of mild left carpal tunnel syndrome and intervertebral disc protrusion and herniation. *Id.* Dr. Serina noted that carpal tunnel system is "considered a repetitive motion injury which develops over time and is associated with occupations that require repeated wrist exertions..." *Id.* Moreover, intervertebral disc protrusion and herniation are "considered to be long-term degenerative conditions associated with a variety of causal factors, including age and smoking," and recent studies show the only factor strongly linked to spinal degeneration was genetics. *Id.*

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this ____ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE